FILED

May 27, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:24 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

| | |
|---|---|
| DARREN FARNSWORTH, **Employee,** | Docket No.: 2015-03-0018 |
| v. | State File No.: 6354-2015 |
| FOLEY COMPANY, **Employer,** And | Date of Injury: November 7, 2014 |
| | Judge: Pamela B. Johnson |
| LIBERTY MUTUAL INSURANCE CO., **Insurance Carrier.** | |

---

## EXPEDITED HEARING ORDER

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Darren Farnsworth (Mr. Farnsworth) on March 31, 2015, pursuant to Tennessee Code Annotated section 50-6-239. Upon review of Mr. Farnsworth's Request for Expedited Hearing, the evidence presented at the hearing, the arguments of counsel, and in consideration of the applicable law, the Court finds Mr. Farnsworth is entitled to a panel of physicians.

### Issues

*Whether Mr. Farnsworth sustained an injury on November 7, 2014 arising primarily out of and in the course and scope of employment with Foley Company;*

*Whether Mr. Farnsworth has definitely proven the requirements of Tennessee Code Annotated section 50-6-212 (2014);*

*If so, whether Mr. Farnsworth is entitled to any past or future temporary disability benefits, and if so, in what amount; and*

*Whether Mr. Farnsworth is entitled to past or future medical benefits.*

1

**Stipulations of the Parties**

The parties, through counsel, announced to the Court the following stipulations:

- Mr. Farnsworth's date of injury is November 7, 2014.
- Mr. Farnsworth's average weekly wage is $915.17.
- Mr. Farnsworth returned to work on January 22, 2014, and worked one week of light duty.

**Evidence Submitted**

The Court designated the following as the Technical Record:

- Petition for Benefit Determination (PBD), filed January 28, 2015
- Dispute Certification Notice, filed March 17, 2015
- Request for Expedited Hearing, filed March 31, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings and any attachments to them as allegations unless established by the evidence.

The Court admitted into evidence the following:

- EXHIBIT 1: Medical Expenses (6 pages),
- EXHIBIT 2: Medical Records (25 pages),
- EXHIBIT 3: 2014 W-2 Tax Form, and
- EXHIBIT 4: Wage Statement, Form C-41.

**History of Claim**

Mr. Farnsworth worked as a concrete finisher for Foley Company. On Friday, November 7, 2014, Mr. Farnsworth lifted a ramp with a co-worker and experienced sharp pain in his abdomen. Mr. Farnsworth additionally "felt a lump in or near navel that was very painful to touch." *See* PBD. He then reported the incident to his foreman, who advised him that they should notify the safety department. Upon report of the incident to the safety department by his foreman, the safety department instructed Mr. Farnsworth to go to the medical clinic for a drug screen and exam.

As instructed, Mr. Farnsworth went to Occupational Health Systems (OHS) for evaluation. The November 7 office note from OHS identified the "Evaluation Type" as "Office Visit, Worker's Comp, New Injury and or Exposure." At OHS, Dr. Christopher Copeland examined Mr. Farnsworth, who reported that he and a fellow-co-worker lifted a ramp, weighing approximately one hundred fifty pounds, when he felt a sharp, stabbing pain in his lower abdomen. *See* Exhibit 2, OHS, 11/7/2014 at p. 1. On exam, Dr. Copeland noted a mass in the periumbilical area. Dr. Copeland described the mass as "tender, moveable and firm over the affected area. Umbilical hernia is present." *Id.* at pp. 2-3. Dr. Copeland diagnosed "an

umbilical hernia that is of surgical import. Incarcerated with localized cellulitis." *Id.* at 3. Dr. Copeland referred Mr. Farnsworth to the emergency room for a CT-scan. Dr. Copeland reviewed the CT scan and noted that the "CT scan results consistent with umbilical hernia with peritoneal fat herniation and surrounding edema consistent with cellulitis." *Id.* Dr. Copeland stated the following in his report of November 7:

> After review of the mechanism of injury and/or lack thereof on all diagnoses listed for this evaluation now or related to this evaluation. I do not feel that this injury/exposure is work related. See TN WC Law effective July 1, 2014, TN 50-6-102(13). Pre-existing conditions are very likely or the MOI is not substantial to produce the present findings or lack of findings. The observed time frame of 6 hours between the perceived injury (lifting at work) is not consistent with the degree of cellulitis and inflammation seen on CT scan and physical exam. It is almost certain that the hernia and inflammation/ cellulitis pre-existed the lifting event this morning.

*Id.*

On Monday, November 10, Mr. Farnsworth returned to Dr. Copeland for follow up. Mr. Farnsworth reported overall noticeable improvement in his pain level, but continued to experience pain. *See* Exhibit 2, OHS, 11/10/2014 at p. 1. The November 10 office note indicates the "Evaluation Type" as "WC follow-up visit for exposure/injury." *Id.* The physical exam and diagnosis remained unchanged. Dr. Copeland advised Mr. Farnsworth that the umbilical hernia was "Not work related – to see surgeon for release to work." *Id.* at p. 2. Dr. Copeland further advised Mr. Farnsworth "to see his/her family doctor for future treatment of the conditions listed. If there is trauma involved or documented repetitive injury, then OHS would be more than willing to see this employee in the future… Released from care." *Id.* at p. 3.

On November 12, Mr. Farnsworth sought care from Dr. Douglas Davis at UT Internal Medicine Pellissippi (UTIMP). Mr. Farnsworth reported "lifting a heavy ramp (150 lbs.) with another guy and sudden onset of belly button pain… he cont'd to work and it never left." *See* Exhibit 2, Dr. Davis, 11/12/2014 at p. 1. Dr. Davis diagnosed an umbilical hernia and recommended "refer to [M]ancini, he may need to contact work Dr since this occurred at work…I am not releasing for work now…up to surgery to decide." *Id.* at p. 2.

On November 13, Mr. Farnsworth returned to UTIMP and saw Dr. Gregory Mancini. He advised that he "was at work 6 days ago and felt a 'pop.' He then noticed that there was a difference in appearance of his umbilicus, and it was now painful." *See* Exhibit 2, Dr. Gregory Mancini, 11/13/2014 at p. 1. The physical exam revealed "Direct periumbilical tenderness with palpation, hard incarcerated fat palpated not able to be reduced." *Id.* at p. 3. Dr. Mancini diagnosed umbilical hernia and irreducible umbilical hernia. Dr. Mancini recommended a laparoscopic repair of the ventral hernia. *Id.* at p. 4.

3

On December 16, Dr. Davis wrote the following letter "To whom it May Concern:"

> It is my medical opinion that the umbilical hernia that Mr. Farnsworth has developed, occurred and is related to work. He had no prior history of this and it developed with a sudden pain in the umbilicus while lifting at work. This was the origin and cause of the hernia. It has continued since then.

*See* Exhibit 2, Dr. Douglas Davis letter.

Mr. Farnsworth filed a Petition for Benefit Determination on January 28, 2015. The parties did not resolve the disputed issues through mediation and the Mediating Specialist filed the Dispute Certification Notice on March 17, 2015. On March 31, 2015, Mr. Farnsworth filed a Request for Expedited Hearing. This Court conducted an in-person evidentiary hearing on April 20, 2015.

## Mr. Farnsworth's Contentions

Mr. Farnsworth testified that, after he injured himself lifting the ramp with a co-worker and felt the hernia, he worked the remainder of his shift. He then reported the incident to his foreman, who advised him that they should notify the safety department. Upon report of the incident to the safety department by his foreman, the safety department instructed Mr. Farnsworth to go to OHS for a drug screen and exam. Mr. Farnsworth contends that Foley Company never completed a form C-20, First Report of Work Injury, for his work injury and never provided him a form C-42, Choice of Physicians.

Mr. Farnsworth disputed the findings of Dr. Copeland. Specifically, Mr. Farnsworth challenged Dr. Copeland's statements that the degree of cellulitis and inflammation present were not consistent with an injury at work. Mr. Farnsworth argued that the injury occurred around 8 a.m. on November 7, 2014, but Dr. Copeland did not exam him until after 5 p.m. or 5:30 p.m. Further, the radiologist did not perform the CT scan until approximately 10:00 p.m. due to delays in obtaining the order. Moreover, Mr. Farnsworth argued that he wore Carhartt work pants, jeans, and thermals and his job required bending, which caused his abdomen to be red around the purple rupture site. He further denied any prior ruptures or knowledge of any prior hernia. Mr. Farnsworth testified that while Dr. Copeland informed him that he had a hole in his navel since birth, he did not have a bulge in his navel until the lifting incident on November 7, 2014.

Mr. Farnsworth alleged that Foley Company treated him unfairly because it never provided him a panel and the opportunity to select a doctor of his own choosing. Mr. Farnsworth additionally challenged Dr. Copeland's statements citing Tennessee Workers' Compensation Law. Mr. Farnsworth contended that Dr. Copeland's reports appear scripted and alleged that Foley Company's safety department, who attended the office visits and followed him to the hospital for the CT scan, coached Dr. Copeland. Mr. Farnsworth further contended that Dr. Copeland spoke with the safety department before advising him of his condition and findings.

4

Mr. Farnsworth further argued that he cannot work full duty concrete finishing without surgery. His hernia requires surgical repair and his doctors will not release him to return to work without surgery. On November 15, 2014, he returned to Foley Company to meet his foreman and to pick up his paycheck and received a lay-off slip for workforce reduction. He returned to work, through his labor union, on January 22, 2015, for one-week light duty. He subsequently worked a second week for approximately twenty hours.

Mr. Farnsworth testified that he asked Dr. Copeland for a surgery referral. He then called his personal physician, Dr. Davis, who agreed that the hernia was work related. He then sought further evaluation from Dr. Mancini as recommended by Dr. Davis. He contended that his medical bills from the CT scan and hospital visit for the date of the incident, and also from Dr. Davis and Dr. Mancini, remain unpaid by Foley Company.

**Foley Company's Contentions**

Foley Company averred that Mr. Farnsworth failed to satisfy his burden of proof. Citing Tennessee Code Annotated section 50-6-116, Foley Company asserted that the Tennessee Workers' Compensation Laws prohibit this Court from applying a remedial or liberal construction to the law, but instructs this Court to construe the Act fairly, impartially, and in accordance with basic principles of statutory construction without favoring either the employee or the employer. As such, Foley further argued that this Court should deny Mr. Farnsworth's claim for two reasons. First, Mr. Farnsworth failed to demonstrate that he sustained an injury arising primarily out of and in the course and scope of his employment because he failed to show by a preponderance of the evidence that the employment contributed more than fifty percent in causing the injury, considering all causes. Second, Mr. Farnsworth failed to "definitely prove" the elements of Tennessee Code Annotated section 50-6-212.

Specifically, Foley Company contended that Dr. Davis's December 16, 2014 letter does not provide an opinion within a reasonable degree of medical certainty. Moreover, and according to Mr. Farnsworth, Dr. Davis never reviewed the CT scan. Thus, Dr. Davis based his opinion on his physical examination and the history provided by Mr. Farnsworth. Mr. Farnsworth admitted on cross-examination that he did not report a prior hernia; yet, a January 6, 2014 CT scan report noted the presence of a hernia (defense counsel showed the report to the employee and asked the employee to read aloud a portion of the report, but defense counsel did not introduce the actual report into evidence).

Foley Company averred the only objective evidence present in this case is the CT scan. The CT scan, performed the same day as the alleged work injury, showed a hernia and edema with inflammation and cellulitis. Based upon his examination and the CT scan, Dr. Copeland concluded that no injury existed and referenced the statute as the basis for his conclusion.

Likewise, Mr. Farnsworth failed to definitely prove the elements of section 50-6-212. Mr. Farnsworth acknowledged on cross-examination that the January 6, 2014 CT scan report, shown to him by defense counsel, noted a hernia. As such, Mr. Farnsworth cannot definitely prove that the hernia or rupture appeared suddenly or did not exist prior to the alleged work incident.

5

Foley Company argued that the unpaid medical bills were from unauthorized providers. As such, Foley Company asserted that it is not responsible for payment.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. section 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at Expedited Hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A Workers' Compensation Judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

### *Factual Findings*

The Court hereby finds that, while at work on November 7, 2014, Mr. Farnsworth lifted a ramp with a co-worker, developed a bulge in his abdomen, and immediately experienced pain. Mr. Farnsworth provided timely notice of the work incident to Foley Company. Foley Company did not complete a Form C-20, First Report of Work Injury. Foley Company additionally failed to provide Mr. Farnsworth with a Form C-42, Choice of Physicians panel from which he could select a physician of his own choice for evaluation of his symptoms and complaints.

### *Application of Law to Facts*

In the present case, Mr. Farnsworth identified a specific incident, identifiable by time and place that occurred while he performed his job duties at Foley Company. The issue then turns to whether the November 7, 2014 incident resulted in an injury arising primarily out of and in the course and scope of employment,

In *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015), the Workers' Compensation Appeals Board analyzed the burden of proof required at the Request for Expedited Hearing Stage and concluded:

> We find, therefore, that an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence

sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). Moreover, we note that since an expedited hearing is interlocutory in nature, either party may present additional evidence at the final compensation hearing and ask the trial court to reverse or modify the interlocutory order.

*Id.* at 4.

In *McCord*, the Workers' Compensation Appeals Board further analyzed what act or event triggers an employer's responsibility to provide a panel of physicians. Specifically, the Workers' Compensation Appeals Board held:

[M]ere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented. If an employer chooses to deny the claim following its initial investigation, the employee must come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable "injury by accident" at a hearing on the merits in accordance with section 50-6-239(d)(1). Conversely, an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner.

*Id.* at 7.

In this case, this Court must determine whether Mr. Farnsworth is likely to prevail at a hearing on the merits. The parties presented this Court with competing expert opinions, neither of whom provided opinions within a reasonable degree of medical certainty. Moreover, while Foley Company or its workers' compensation insurer authorized Dr. Copeland's treatment, Mr. Farnsworth did not select Dr. Copeland from a panel of physicians. Therefore, no presumption of correctness is given Dr. Copeland's opinion. *See* Tenn. Code Ann. § 50-6-102(13)(E). In light of the competing medical opinions and limited medical treatment completed to date, this Court finds that the issue of compensability of Mr. Farnsworth's injury remains unresolved.

7

Nonetheless, this Court concludes that Mr. Farnsworth is entitled to a proper panel of physicians. Mr. Farnsworth testified that he developed a bulge and pain in his abdomen after lifting a ramp with a co-worker on November 7, 2014. Mr. Farnsworth offered uncontroverted testimony that he timely reported the work incident to his foreman, who reported the incident to the safety department. Although Foley Company provided authorized medical treatment through Dr. Copeland at the medical clinic, the record is clear that Foley Company never offered Mr. Farnsworth a panel of physicians from which he could select a physician for evaluation and treatment of his injury. Mr. Farnsworth further testified that the safety department personnel attended his initial medical visits with Dr. Copeland, and that Dr. Copeland reported Mr. Farnsworth's condition to the safety department prior to advising him of his condition. Mr. Farnsworth's testimony was uncontroverted on this issue and this Court finds Mr. Farnsworth to be credible. Considering the testimony of Mr. Farnsworth and the evidence as a whole, this Court holds that Mr. Farnsworth presented sufficient evidence demonstrating that he is entitled to a panel of physicians. Accordingly, while Mr. Farnsworth has not demonstrated by a preponderance of the evidence that he sustained an injury arising primarily out of and in the course of scope of his employment, he sufficiently satisfied his burden at the Request for Expedited Hearing stage that he is entitled to a panel of physicians for further evaluation of his injury.

On the issue of outstanding medical expenses, Mr. Farnsworth testified that the safety department instructed him to go to OHS for a drug test and evaluation. Safety department personnel accompanied Mr. Farnsworth to OHS, where Dr. Copeland evaluated him, and to Parkwest Hospital, for the CT scan ordered by Dr. Copeland. As such, this Court finds that Foley Company shall pay all outstanding medical expenses incurred by Mr. Farnsworth with Parkwest Hospital on November 7, 2014 in the amount of $1,245.70 and with Vista Radiology on November 7 in the amount of $302.00. Because compensability of Mr. Farnsworth's injury of November 7, 2014 remains unresolved, it is premature to determine whether it is appropriate to order Foley Company to pay for Mr. Farnsworth's unauthorized medical treatment with his personal physicians, Drs. Davis and Mancini.

**IT IS, THEREFORE, ORDERED** as follows:

1. Foley Company shall provide Mr. Farnsworth with a panel of physicians from which he may select a physician for evaluation and treatment of any work-related injury of November 7, 2014.

2. Foley Company shall satisfy outstanding medical expenses due and owing to Parkwest Hospital in the amount of $1,245.70 and Vista Radiology in the amount of $302.00.

3. This matter is set for Initial Hearing on **July 15, 2015,** at **9:00 a.m.** eastern time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th)

8

business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov or via telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 27th day of May, 2015.**

HON. PAMELA B. JOHNSON
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set on **July 15, 2015**, at **9:00 a.m.** eastern time with Judge Pamela B. Johnson for the Court of Workers Compensation Claims. You must call (855) 543-5041 or toll free at 865-594-0091 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

9

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 27th day of May, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Darren Farnsworth | X | | X | 152 Farlow Drive Knoxville, Tennessee 37934 kimrenea@charter.net |
| Joshua A. Wolfe, Esq. | | | X | Joshua.Wolfe@leitnerfirm.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

10